**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNION FENOSA GAS, S.A.<br><br>*Plaintiff*,<br><br>v.<br><br>ARAB REPUBLIC OF EGYPT<br><br>*Defendant.* | No. 1:18-cv-02395-JEB |

**DECLARATION OF MATTHEW D. SLATER**

I, Matthew D. Slater, do hereby declare as follows:

1. I am an attorney admitted to practice before this Court and a partner of the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for the Arab Republic of Egypt ("Egypt").

2. I submit this declaration in support of Egypt's Motion to Set Aside Default and to Stay Further Proceedings.

3. In mid-December 2018, before an automatic stay was effected by the filing of Egypt's annulment petition before the International Centre for Settlement of Investment Disputes ("ICSID"), I made contact with Jeffrey Bucholtz, counsel for Union Fenosa Gas, S.A. ("UFG"), to discuss scheduling in this case, including the possibility of staying the case until the termination of the ICSID annulment proceedings.

4. At that time, Mr. Bucholtz declined to engage on the subject until the annulment petition had been filed.

5. On December 21, 2018, I informed Mr. Bucholtz of the filing of Egypt's annulment petition with ICSID, and on January 9, 2019, I conveyed to him a copy of ISCID's Notice of Registration of the annulment petition and its formal notification to the parties of the resulting stay of enforcement by operation of the ICSID Convention and Rules.

6. UFG's counsel did not make any further contact with me or any attorney under my supervision regarding this proceeding since December 2018.

7. During the same time period, UFG's counsel has engaged extensively with attorneys from Cleary Gottlieb's London office with regard to UFG's efforts to seek recognition of the ICSID award at issue in this litigation and, despite substantial arguments to the contrary, have insisted that counsel from Cleary Gottlieb's London office appear in those proceedings.

8. On March 3, 2020, following published reports of the comprehensive resolution described in the Declaration of Charlene Sun ¶ 15, ECF No. 16-2 (March 5, 2020), one of my colleagues spoke with lawyers representing UFG about an arrangement that would obviate the need for Egypt to file the present motion now. Late on March 5, 2020, UFG's counsel responded that UFG declined.

9. On March 6, 2020, at 8:48 a.m., I emailed Mr. Bucholtz to see whether we could discuss this matter. Mr. Bucholtz responded at 3:20 p.m., after UFG filed its Motion for Default Judgment (ECF No. 16), and offered to speak at 4:30. Mr. Bucholtz and I spoke by telephone at 5 p.m. I described the relief Egypt seeks in the present motion and asked whether UFG would consent. Mr. Bucholtz stated that he would need to discuss the issues with UFG before responding.

10. Attached hereto are true and correct copies of the following documents:

a. Exhibit 1 is a copy of the Dissenting Opinion of Mark Clodfelter to the ICSID award at issue in this case;

b. Exhibit 2 is a copy of Egypt's ICSID Application for Annulment, dated December 21, 2018;

c. Exhibit 3 is a copy of the *ad hoc* Committee's Decision on the Applicant's Request for a Continued Stay of Enforcement of the Award, dated October 18, 2019;

d. Exhibit 4 is a copy of the *ad hoc* Committee's Decision to Terminate the Stay of Enforcement, dated January 24, 2020;

e. Exhibit 5 is a copy of an email from the ICSID Secretariat, dated January 22, 2020; and

f. Exhibit 6 is a copy of the *ad hoc* Committee's Procedural Order No. 1, dated July 26, 2019.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on March 6, 2020.

*/s/ Matthew D. Slater*
Matthew D. Slater