UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIÓN FENOSA GAS, S.A.<br><br>                              Plaintiff,<br><br>      v.<br><br>ARAB REPUBLIC OF EGYPT<br><br>                             Defendant. | Civil Action No. 1:18-cv-02395-JEB |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

      UFG respectfully submits this Reply in support of its Motion for Default Judgment (Dkt. No. 16) and in response to Egypt's Opposition to that motion (Dkt. No. 23).

      Egypt's attempt to relitigate its corruption allegations – which it raised before the ICSID Tribunal and the Tribunal rejected – is meritless. Egypt's characterization of the findings in the ICSID Award is misleading, and its suggestion that the existence of a dissenting opinion detracts from the validity of the ICSID Award is erroneous.

      Nonetheless, as UFG stated in its opposition to Egypt's Motion to Vacate the Default and to Stay (Dkt. No. 21), UFG would not oppose vacatur of the default provided that the stay motion be denied and the action proceed expeditiously. Despite Egypt's default, and despite the lack of merit in Egypt's opposition to the entry of a default judgment, UFG is trying to be reasonable and to accommodate the policy of deciding cases on their merits and avoiding default judgments. UFG is willing to accept the vacatur of Egypt's default in order to proceed, at long last, with this action

in an expeditious manner. UFG is not willing to agree to Egypt's request to vacate its default if that request is merely a prelude to further delay.

In an effort to save the Court the trouble of deciding these procedural matters, UFG proposed to Egypt that the parties agree to vacatur of Egypt's default provided that Egypt withdraw its stay motion and agree that this action proceed expeditiously as suggested in UFG's opposition to Egypt's stay motion. Egypt declined, thus necessitating this brief Reply. If the Court is inclined to vacate Egypt's default, it should deny Egypt's stay motion and direct Egypt to respond to UFG's Complaint within 14 days by filing either a verified answer or a single motion to dismiss raising any objections Egypt may have to recognition of the ICSID Award. Excusing Egypt's unjustified default only to relegate UFG to further delay would reward Egypt's disregard of the rules and punish UFG for attempting to be reasonable.

Dated: Washington, D.C.
       May 7, 2020

                                                          Respectfully submitted,

                                                   */s/ Jeffrey S. Bucholtz*
                                       Jeffrey S. Bucholtz (D.C. Bar 452385)
                                       KING & SPALDING LLP
                                       1700 Pennsylvania Avenue NW
                                       Suite 200
                                       Washington, D.C.  20006
                                       Tel: (202) 626-2907
                                       Fax: (202) 626-3737
                                       jbucholtz@kslaw.com

                                       Edward G. Kehoe (*pro hac vice* forthcoming)
                                       James E. Berger (D.C. Bar No. 481408)
                                       Charlene C. Sun (D.C. Bar 1027854)
                                       Enrique J. Molina (*pro hac vice* forthcoming)
                                       KING & SPALDING LLP

1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2200
Fax: (212) 556 -2222
ekehoe@kslaw.com
csun@kslaw.com
emolina@kslaw.com

*Attorneys for Plaintiff Unión Fenosa Gas, S.A.*